# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0549V

|  |  |
|---|---|
| JARED TRINNAMAN,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2025 |

*Laura Levenberg*, Muller Brazil, PA, Dresher, PA, for Petitioner.

*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Jared Trinnaman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccine received on September 23, 2019. Petition at 1.

Although the claim was unsuccessful, I find it possessed sufficient reasonable basis to permit an award of attorney's fees. And I have reviewed the submitted billing records and find no grounds for reduction in the amount of fees requested to be awarded.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I.      **Relevant Procedural History**

On January 11, 2021, Mr. Trinnaman filed a cursory petition and signed declarations[3] from himself and counsel addressing the basic Vaccine Act requirements and acknowledging the Petition's expedited filing without records due to the then-potential removal of SIRVA from the Vaccine Program's injury table[4] (and the view prevailing at that time that potential claimants needed to act expeditiously as a result). Exs. 1-2, ECF No. 1. Three months later, he filed the medical records required under the Vaccine Act. Exs. 3-5, filed Mar. 13, 2021, ECF No. 8; *see* Section 11(c). On November 4, 2021, the case was activated and assigned to the "Special Processing Unit" (OSM's adjudicatory system for resolution of cases deemed likely to settle). ECF No. 12.

Over the subsequent 14 months, Petitioner filed updated medical records (Ex. 6, ECF No. 17), and Respondent completed his medical review (Status Report, ECF No. 24). On February 3, 2023, Respondent filed his Rule 4(c) Report arguing that "Petitioner [wa]s not entitled to compensation because he ha[d] not established that he suffered from an alleged vaccine-related shoulder injury for more than six months post-vaccination." Rule 4(c) Report at 5, ECF No. 25.

After briefing by the parties (ECF Nos. 27-28, 31) and Petitioner's filing of a supplemental declaration[5] and documentation related to his extensive travel as an independent contractor to a production company (roadie) (Exs. 7-8, ECF Nos. 26, 30), I issued a decision dismissing the claim for failure to satisfy the Vaccine Act's severity requirement. Dismissal Decision, issued Dec. 11, 2023, ECF No. 32. On May 16, 2024, Petitioner's motion for review was denied. ECF No. 40.

On June 17, 2024, Petitioner filed a request for an award of $39,371.20 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Motion") at 2. ECF No. 44. In accordance with General Order No. 9, Petitioner

---

[3] This declaration was signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Ex. 1.

[4] On July 20, 2020, the Secretary of Health and Human Services proposed the removal of SIRVA from the Vaccine Injury Table. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Proposed Rule, 85 Fed. Reg. 43794 (July 20, 2020). The proposed rule was finalized six months later. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 86 Fed. Reg. 6249 (Jan. 21, 2021). Approximately one month later, the effective date for the final rule was delayed. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 86 Fed. Reg. 10835 (Feb. 23, 2021) (delaying the effective date of the final rule until April 23, 2021). On April 22, 2021, the final rule removing SIRVA from the Vaccine Table was rescinded. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Withdrawal of Final Rule, 86 Fed. Reg. 21209 (Apr. 22, 2021).

[5] This supplemental declaration also was signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Ex. 7.

represented that he incurred no out-of-pocket expenses. *Id.* at 2. Petitioner did not address the requirements of good faith and reasonable basis which must be met before a fees award is made in non-compensated vaccine cases. *See* Section 15(e)(1).

Respondent reacted to the motion on June 20, 2024, providing his usual response - that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. He also failed to provide any substantive discussion of good faith and reasonable basis. Petitioner has filed no reply.

## II.     Reasonable Basis

### A.     Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[6]

---

[6] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116

3

Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation

---

Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

4

which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### B.     Existence of Reasonable Basis

Because Petitioner received his vaccination on September 23, 2019, to meet the Vaccine Act's severity requirement he was required to establish that his residual symptoms continued until at least through March 23, 2020 (assuming an immediate pain onset which the record supports). As I previously determined, however, the record contained preponderant evidence supporting vaccine-related symptoms through only late October 2019, five weeks post-vaccination. *Trinnaman v. Sec'y of Health & Hum. Servs.*, No. 21-0549V 2023 WL 9477264 (Fed. Cl. Spec. Mstr. Dec. 11, 2023) *mot. for review denied* 171 Fed. Cl. 317 (2024). The current question is whether the objective evidence on that question was sufficient to meet the admittedly-low standard of proof required to establish reasonable basis.

The record clearly demonstrates that Petitioner first sought treatment for right shoulder pain after receipt of the flu vaccine two weeks post-vaccination, during a telephonic appointment with his primary care provider ("PCP") on October 8, 2021. Ex. 4 at 90-100. During an in-person appointment the next day and follow-up call that night, Petitioner described sharp pain at a level of eight out of ten when raising his arm, declined physical therapy ("PT"), insisted on x-rays (taken the next day), was prescribed Tylenol with codeine, and was instructed to apply heat and cold and perform gentle movements to keep his muscles limber. *Id.* at 101-02, 107-08; *see id.* at 131-33 (normal x-ray results).

When seen by an orthopedist on October 15, 2021, Petitioner reported that that he was "slowly getting better," experiencing diffuse pain, "just with certain motions." Ex. 4 at 139. Noting Petitioner "[wa]s already getting better and ha[d] made tremendous gains in a short period of time," the orthopedist instructed him to perform PT exercise which he would provide to him by email and rely on ibuprofen, as opposed to the prescribed narcotic, when possible. *Id.* at 142. At an October 30, 2021 appointment with his PCP, for issues related to his skin and toenails, Petitioner was provided with a refill of his previous medication (Tylenol with codeine). *Id.* at 168.

Although Petitioner sought treatment for a right finger infection on March 20, 2020 (Ex. 4 at 180), he did not mention any further right shoulder issues until late May 2020, more than seven months later. During that telephonic visit, however, he complained of continued pain with overhead movement and lifting. *Id.* at 197. The possibility of an in-person appointment and cortisone injection was discussed, but Petitioner stated that he would have to check his schedule. *Id.*

5

When he next sought treatment for several issues (including right shoulder pain, a rash, foot pain, and pitting and discoloration of his fingernails and toenails) in early September 2020, Petitioner expressed a desire to "avoid cortisone and anti-inflammatory agents if possible." *Id.* at 214. Testing revealed a slightly elevated rheumatoid factor, although it was noted that "might have been a false positive." *Id.* at 241.

Petitioner made one more mention of right shoulder pain, which had worsened the previous night while he slept, at an appointment with his PCP in late October 2020. *Id.* at 250-51. And the supplement declaration and travel documents he provided contained details regarding his extensive travel as a lighting expert for a production company. Exs. 7-8.

I dismissed the claim on the basis of Petitioner's inability to establish severity. The evidence Petitioner provided was not sufficient to establish preponderantly that the symptoms he reported in late May 2020, following a seven-month gap in treatment, were a continuation of his previous shoulder pain. But that same evidence *is* sufficient to satisfy the far lower standard of reasonable basis. For there was a reasonable and disputed fact issue about Petitioner's later shoulder complaints, and whether they could be associated with his vaccination-adjacent, documented complaints.

I thus find that Petitioner had a reasonable basis to file his petition in this case which continued until I dismissed his claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III.  Appropriate Amount to be Awarded

#### A.  Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner

6

notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.    Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. ECF No. 44 at 5-10. She provided supporting documentation for all claimed costs. *Id.* at 11-16. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 45.

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$39,886.06 (representing $39,371.20 in fees and $514.86 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

                                                  <u>s/Brian H. Corcoran</u>
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.